UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

----------------------------------------------------------------

DIRECTV, LLC, a California limited liability company,

                        Plaintiff,

        v.

UYEN QUYNH DANG-NGUYEN, a/k/a THIEN DANG, Individually, and as officer director, shareholder and/or principal of DALAT CORP., d/b/a PHO DALAT RESTAURANT,

and

DALAT CORP., d/b/a PHO DALAT RESTAURANT,

                        Defendants.

----------------------------------------------------------------

**PLAINTIFF'S ORIGINAL COMPLAINT**

Civil Action No.

1.      Plaintiff, DIRECTV, LLC sues UYEN QUYNH DANG-NGUYEN, a/k/a THIEN DANG, Individually, and as officer director, shareholder and/or principal of DALAT CORP., d/b/a PHO DALAT RESTAURANT, and DALAT CORP., d/b/a PHO DALAT RESTAURANT, (referred to hereinafter as "Defendants"), and states as follows:

## I.  JURISDICTION

2.      This lawsuit is brought pursuant to the Cable Communications Policy Act of 1984, 47 U.S.C. § 521, *et seq.* (The "Act"), as an action for declaratory and injunctive relief and damages for the improper receipt, transmission, and exhibition of satellite programming signals

in violation of the Act.   This Court has jurisdiction of the subject matter to this action under 28 U.S.C. §1331, pursuant to which the United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

3.       This Court has personal jurisdiction over the parties in this action.   Defendants to this action had or have an agent or agents who had or have independently transacted business in the Commonwealth of Massachusetts and certain activities of Defendants giving rise to this action took place in the Commonwealth of Massachusetts; more particularly, Defendants' acts of violating federal laws and the proprietary rights of DIRECTV, LLC, as distributor of the satellite programming transmission signals, took place within the Commonwealth of Massachusetts. Moreover, upon information and belief, Defendants have their principal place of business within the Commonwealth of Massachusetts; thus, this Court has personal jurisdiction over Defendants.

## II. VENUE

4.       Venue is proper in this judicial district under 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within Middlesex County, which is within the District of Massachusetts [28 U.S.C. § 101].

## III. PARTIES

5.       Plaintiff, DIRECTV, LLC (referred to hereinafter as "DIRECTV"), is at all times relevant hereto a limited liability company under the laws of the State of California.   DIRECTV is a major distributor of satellite programming doing business throughout the United States. Through its operations, DIRECTV provides interstate direct broadcast satellite programming to

-2-

subscribers with specialized satellite receiving equipment who pay for programming via a subscription fee and obtain a programming license from DIRECTV in return for a subscription. The obvious result of a user subscription is that users can then watch programs on their televisions and/or listen to certain high quality audio programs communicated electronically by DIRECTV via satellite (referred to hereinafter as the "Satellite Programming"). DIRECTV holds proprietary rights to the Satellite Programming it transmits and DIRECTV is the owner of and/or a lawfully designated distribution agent for such Satellite Programming.

6.      Upon information and belief, PHO DALAT RESTAURANT is the premises name located at 1575 Middlesex Street, Lowell, MA 01851 (the "Establishment").

7.      Upon information and belief, Defendant, UYEN QUYNH DANG-NGUYEN, a/k/a THIEN DANG, is an officer, director, shareholder and/or principal of DALAT CORP., d/b/a PHO DALAT RESTAURANT, for the premises located at 1575 Middlesex Street, Lowell, MA 01851.

8.       Upon information and belief, Defendant, DALAT CORP. is a domestic corporation having a principal place of business at 1575 Middlesex Street, Lowell, MA 01851.

9.       The Registered Agent for DALAT CORP. is UYEN QUYNH DANG-NGUYEN located at 1575 Middlesex Street, Lowell, MA 01851.

10.      Upon information and belief, Defendant, DALAT CORP., d/b/a PHO DALAT RESTAURANT, is located and doing business at 1575 Middlesex Street, Lowell, MA 01851, as a commercial establishment.

11.      Upon information and belief, Defendant, UYEN QUYNH DANG-NGUYEN, a/k/a THIEN DANG, resides at 85 Lakeview Avenue, Tyngsboro, MA 01879.

12.     Upon information and belief, Defendant, UYEN QUYNH DANG-NGUYEN, a/k/a THIEN DANG, was the individual with supervisory capacity and control over the activities occurring within the Establishment known as PHO DALAT RESTAURANT on March 4, 2014.

13.     Upon information and belief, Defendant, UYEN QUYNH DANG-NGUYEN, a/k/a THIEN DANG, received a financial benefit from the operations of DALAT CORP., d/b/a PHO DALAT RESTAURANT on March 4, 2014.

14.     Upon information and belief, Defendant, UYEN QUYNH DANG-NGUYEN, a/k/a THIEN DANG, was the individual with close control over the internal operating procedures and employment practices of DALAT CORP., d/b/a PHO DALAT RESTAURANT on March 4, 2014.

15.     Upon information and belief, Defendant, UYEN QUYNH DANG-NGUYEN, a/k/a THIEN DANG, authorized the exhibition of DIRECTV satellite programming at the Establishment on March 4, 2014.

16.     Upon information and belief, Defendant, UYEN QUYNH DANG-NGUYEN, a/k/a THIEN DANG, was present at the Establishment during the exhibition of DIRECTV satellite programming on March 4, 2014.

17.     Upon information and belief, Defendants, UYEN QUYNH DANG-NGUYEN, a/k/a THIEN DANG and DALAT CORP., advertised for the exhibition of DIRECTV satellite programming at the Establishment on and prior to March 4, 2014.

## IV. FACTS

18.     DIRECTV incorporates and realleges by reference allegations within paragraphs 1

through 18 of this complaint as if fully set forth herein.

19.     By way of further allegation, DIRECTV alleges that to prevent unauthorized entities and persons from viewing its Satellite Programming, DIRECTV encrypts the satellite transmissions.   Upon payment of the appropriate subscription or license fees, DIRECTV authorizes and enables the subscriber to unscramble and receive the Satellite Programming.

20.     DIRECTV provides services to homes based on residential rates and to commercial establishments under commercial rates.  Because equipment used with DIRECTV services can be moved from residential locations to commercial establishments without DIRECTV's knowledge, owners of commercial establishments wishing to use DIRECTV's programming for their own commercial gain, at the lower residential rates can surreptitiously gain access to DIRECTV programming without proper authorization by subscribing to DIRECTV services under a residential account and then installing/moving the equipment to their businesses and utilizing those services in a commercial environment.

21.     On or about March 4, 2014, Defendants did not have a valid commercial account with DIRECTV at the establishment known as PHO DALAT RESTAURANT located at 1575 Middlesex Street, Lowell, MA 01851.

22.     On or about March 4, 2014, Defendants, without obtaining valid commercial exhibition rights, willfully received and displayed DIRECTV Satellite Programming to the public and for commercial benefit or financial gain, at their commercial establishment, PHO DALAT RESTAURANT, located at 1575 Middlesex Street, Lowell, MA 01851.   Such Satellite Programming was displayed without authorization from DIRECTV to exhibit in that location.

23.     Defendants, without entitlement, without prior permission or authorization from DIRECTV, and without having paid DIRECTV for the right to receive, broadcast, use or display DIRECTV's Satellite Programming in the commercial establishment known as PHO DALAT RESTAURANT, located at 1575 Middlesex Street, Lowell, MA 01851, have received, assisted in receiving, transmitted, assisted in transmitting, divulged, published and displayed the content and substance of DIRECTV Satellite Programming at such Defendants' place of business, PHO DALAT RESTAURANT. Without authorization, Defendants displayed and/or published such Satellite Programming to their customers and others.   Defendants' conduct violates several federal statutes, including 18 U.S.C. §§2511 and 2512, and 47 U.S.C. §605, and laws of the Commonwealth of Massachusetts.   Moreover, Defendants' acts were unauthorized, willful, and for purposes of direct or indirect commercial advantage or private financial gain.

24.     DIRECTV has been damaged by Defendants in that (a) DIRECTV has been denied subscription fees for commercial use of its Satellite Programming; (b) DIRECTV's sales revenues have been reduced through Defendants' unfair competition; and (c) DIRECTV's proprietary rights in the Satellite Programming have been impaired.   In addition, Defendants profited and gained commercial advantage from the unauthorized and willful use of DIRECTV's Satellite Programming.

25.     DIRECTV has been required to retain attorneys to prevent Defendants' wrongful acts and to prosecute this action.   Due to Defendants' statutory violations, DIRECTV is entitled to recover the reasonable attorney's  fees and expenses incurred in prosecution of this action under federal law.

## V. <u>CAUSES OF ACTION</u>

### <u>Count 1 - Damages for Violations of Cable Communications Policy Act</u>

### [47 U.S.C. §605(e)(3(C)]

26.    DIRECTV realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates such allegations as if fully set forth herein.

27.    DIRECTV alleges on information and belief, that Defendants effected unauthorized interception and receipt of Satellite Programming by ordering programming for residential use and subsequently displaying the programming in a commercial establishment for commercial gain without authorization, or by such other means which are unknown to DIRECTV and known only to Defendants.

28.    Each of the Defendants' acts violates federal law.   Defendants, illegally and without authorization, intercepted, received and exhibited, or otherwise assisted in the unauthorized interception, reception or exhibition of Satellite Programming transmitted by DIRECTV.   Moreover, Defendants divulged or published the existence, contents, substance, purport, effect or meaning of such satellite communications.   Further, Defendants used such communications for their own benefit or for the benefit of others who were not entitled to such communications.   Each of these acts is a practice prohibited by 47 U.S.C. §605(a).

29.    DIRECTV is a person aggrieved by Defendants' violations of 47 U.S.C. §605 and is authorized to institute this action against Defendants pursuant to 47 U.S.C. §605(e)(3)(A).

30.    Defendants' violations of 47 U.S.C. §605 have injured DIRECTV's ability to maximize the revenues which it seeks to derive from the Satellite Programming, as DIRECTV has been deprived of the benefit of subscribers to the Satellite Programming.   As a further result

of such violations, DIRECTV's goodwill and reputation have been usurped by Defendants while

Defendants gained and will continue to gain unjust profits and undeserved goodwill.   DIRECTV

is entitled to costs, reasonable attorney's fees, actual damages suffered and profits obtained by

Defendants attributable to their illegal conduct.

31.    Alternatively, DIRECTV is entitled to statutory damages in an amount not less

than $1,000 nor more than $10,000 for each violation of 47 U.S.C. §605(a).

32.    DIRECTV will further show that Defendants' conduct in violation of 47 U.S.C.

§605(a) was committed willfully and for purposes of direct or indirect commercial advantage or

private financial gain.

33.    Due to Defendants' willful conduct, DIRECTV is entitled to statutory damages in

an amount not less than $10,000 and up to $100,000 for each willful violation of 47 U.S.C.

§605(a).


## Count 2 - Damages for Violations of 18 U.S.C. §2511

34.    DIRECTV realleges the allegations contained in the foregoing paragraphs of this

Complaint and incorporates such allegations as if fully set forth herein.

35.    For a further cause of action, DIRECTV alleges that Defendants intentionally

intercepted, endeavored to intercept, or procured other persons to intercept electronic

communications from DIRECTV.   Defendants further disclosed or endeavored to disclose to

others the contents of electronic communications, knowing or having a reason to know that the

information was obtained through the interception of electronic communications in violation of

18 U.S.C. §2511.   Defendants further intentionally used or endeavored to use the contents of

electronic communications, knowing or having reason to know that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. §2511.

36.     DIRECTV is a person whose electronic communications are being intercepted, disclosed and/or intentionally used in violation of 18 U.S.C. §2511.

37.     Due to Defendants' wrongful conduct, DIRECTV is entitled, under 18 U.S.C. §2520, to the greater of the sum of (1) actual damages suffered by DIRECTV and the profits made by the Defendants as a result of their conduct, or (2) statutory damages in an amount the greater of $10,000 or $100 per day for each day Defendants acted in violation of 18 U.S.C. §2511.

## Count 3 - Civil Conversion

38.     DIRECTV realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates such allegations as if fully set forth herein.

39.     By virtue of the conduct set forth above, Defendants have unlawfully converted DIRECTV's property for their own commercial use and benefit.

40.     Such conversion was done intentionally and wrongfully by Defendants to deprive DIRECTV of its proprietary interests, and for Defendants' direct commercial benefit and advantage.

41.     Due to Defendants' wrongful conversion of DIRECTV Satellite Programming, DIRECTV suffered damages.

## VI. <u>REQUEST FOR INJUNCTIVE RELIEF</u>

42.     DIRECTV realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates such allegations as if fully set forth herein.

43.     DIRECTV further alleges that unless restrained by this Court, Defendants will continue to receive, intercept, transmit, and exhibit its Satellite Programming, illegally and without authorization, in violation of 47 U.S.C. §605.

44.     The violations of 47 U.S.C. §605 set forth above have caused and will continue to cause DIRECTV irreparable harm.

45.     DIRECTV cannot practicably determine the loss of subscribers and lost revenues resulting from Defendants' unlawful conduct.   In addition to diminishing DIRECTV's revenues, Defendants' unlawful conduct injures DIRECTV's reputation and goodwill as well as its ability to attract and finance the future acquisition, production, and distribution of quality programming, thereby impairing DIRECTV's ability to enhance its future growth and profitability.

46.     DIRECTV has no adequate remedy at law to redress the violations set forth above.

## VII. <u>PRAYER</u>

WHEREFORE, Plaintiff, DIRECTV, LLC, prays that this Court enter judgment in its favor and against Defendants, and:

a.     Declare that Defendants' unauthorized interception, reception, and public commercial exhibition of DIRECTV's electronic communications, or its assistance in the performance of such unauthorized actions, were in violation of 18 U.S.C. §2511 and 47 U.S.C. §605, and that such violations were committed willfully and for purposes of direct or indirect commercial advantage and private financial gain;

b.  In accordance with 18 U.S.C. §2520(b)(1) and 47 U.S.C. §605(e)(3)(B)(I), enjoin Defendants, and Defendant corporation and establishment, their owners, officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them from (i) interfering with DIRECTV's proprietary rights; (ii) intercepting, receiving, divulging, or displaying DIRECTV's Satellite Programming without prior written consent of DIRECTV; and (iii) further violations;

c.  Award DIRECTV statutory damages in the amount of the greater of $10,000 or $100 per day for each day Defendants violated 18 U.S.C. §2511 or, alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the Defendants' violations of 18 U.S.C. §2511;

d.  Award DIRECTV statutory damages in the amount of $10,000 for each violation of 47 U.S.C. §605, plus an additional $100,000 for each violation pursuant to 47 U.S.C. §605(e)(3)(C)(ii); alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the Defendants' violations of 47 U.S.C. §605;

e.  That the Court award punitive damages; and

f.  That this Court award DIRECTV its costs, including reasonable attorney's fees, prejudgment interest and post-judgment interest, and such other relief to which DIRECTV may be entitled.

Dated:   October 22, 2015
         Ellenville, NY

DIRECTV, LLC

By: /s/Wayne D. Lonstein
WAYNE D. LONSTEIN, ESQ. (#629060)
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C.
80 North Main Street : P.O. Box 351
Ellenville, NY   12428
Telephone:   (845) 647-8500
Facsimile:   (845) 647-6277
Email: Legal@signallaw.com
*Our File No. ES14-05MA-07*